UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:23-cv-06091-MCS-PD | Date August 23, 2023 |
| Title *Hadley v. Tropicana Mfg. Co., Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)

Plaintiffs Bruce Hadley and Curtis Randolph bring this lawsuit against Defendants Tropicana Manufacturing Company, Inc., and PepsiCo, Inc., alleging that Defendants' Tropicana Pure Premium 100% Orange Juice bears deceptive and misleading packaging. (*See generally* Compl., ECF No. 1.) The Court ordered Plaintiffs to show cause: (1) why the Court should not issue an order pursuant to Federal Rule of Civil Procedure 23(c)(1) directing that this action proceed on an individual basis given Plaintiffs' status as unrepresented litigants, (2) why the Court should not conclude that it lacks original jurisdiction under 28 U.S.C. § 1332(a) and (d), and (3) why the Court should not dismiss the Magnuson-Moss Warranty Act claim as incognizable and decline supplemental jurisdiction over Plaintiffs' remaining claims. (OSC 4, ECF No. 10.) The Court warned that "[f]ailure to file a timely response will result in dismissal without further notice." (*Id.*) Plaintiffs did not file a timely response. Instead, the United States Postal Service returned as undeliverable several orders and notices sent to Plaintiffs' address of record. (ECF Nos. 11–22.)

A district court may dismiss an action for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.

1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Local Rule 41-6 specifically provides that if a court order is returned by the United States Postal Service as undeliverable, the Court may dismiss the action for failure to prosecute. Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

      Having considered these factors, dismissal is warranted for failure to prosecute, failure to comply with a court order, and failure to keep the Court apprised of Plaintiffs' address. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal, as Plaintiffs' inattentiveness to the Court's order and failure to provide a competent mailing address indicate a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The risk of prejudice to Defendants favors dismissal, as "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643; *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute . . . ."). Although the public policy favoring disposition on the merits always weighs against dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, the Court warned Plaintiffs that failure to respond to the order to show cause would result in dismissal, "satisfy[ing] the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262; *accord Allen*, 460 F.3d at 1229.

      The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court directs the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**